UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE SCOTTS COMPANY, LLC, *et al.*,

    Plaintiffs,

  v.

CENTRAL GARDEN & PET COMPANY, *et al.*,

    Defendants.

Civil Action 2:19-cv-2185
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This case arises out of Plaintiffs The Scotts Company, LLC, and OMS Investments, Inc.'s ("Plaintiffs") allegations that Defendants Central Garden & Pet Company and Pennington Seed, Inc. ("Defendants") have infringed Plaintiffs' THICK'R LAWN trade dress and ALL-IN-ONE PARTICLES trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125, as well as Ohio statutory and common law.  This matter is before the Court on Plaintiffs' Motion for Leave to Supplement their Complaint (ECF No. 65) ("Motion to Supplement") and Defendants' Motion to Compel Non-Party The Shipyard to comply with Defendants' subpoena (ECF No. 66) ("Motion to Compel").  For the following reasons, both Motions (ECF Nos. 65–66) are **GRANTED**.

### I.    BACKGROUND

Plaintiffs commenced this action on May 24, 2019 (ECF No. 1).  On September 18, 2019, the Court issued a Preliminary Pretrial Order setting the deadlines for motions to amend the pleadings and completion of fact discovery for November 25, 2019, and July 31, 2020,

respectively.  (ECF No. 22.)  Those deadlines were subsequently extended to January 24, 2020 (ECF No. 26), and March 26, 2021 (ECF No. 60), respectively.

On March 23, 2021, over a year after the deadline for motions to amend the pleadings, Plaintiffs filed the present Motion to Supplement.  (ECF No. 65.)  Therein, Plaintiffs assert that they discovered on March 9, 2021, that Defendants infringed Plaintiffs' THICK'R LAWN trademark in an advertisement on Google's website.  (*Id.*)  Plaintiffs accordingly seek leave to supplement their Complaint under Federal Rule of Civil Procedure 15(d) to set out a transaction, occurrence, or event that happened after the filing of the Complaint.  (*Id.*)  When conferring with Defendants prior to filing the motion to supplement, the parties agreed to defer several of Defendants' depositions until a later date in light of the Motion to Supplement.  (*Id.* at 5; Email Chain, ECF No. 65-2.)

Three days later, on the March 26, 2021 deadline to complete fact discovery, Defendants filed the present Motion to Compel Non-Party The Shipyard to comply with their subpoena issued November 25, 2020.  (ECF No. 66.)  The subpoena seeks the production of thirteen categories of documents related to Plaintiffs' THICK'R LAWN trade dress and ALL-IN-ONE PARTICLES mark, as well as Defendants' LAWN BOOSTER products.  (Subpoena, ECF No. 66-2.)  Defendants represent that their counsel spoke with Rob Simmons of The Shipyard via telephone several times about the subpoena, and that on March 15, 2021, Mr. Simmons emailed to say that "[w]e are working on it now.  I hope to have materials to you by the end of the week.  Sorry for the delay."  (Email Chain, ECF No. 66-3.)  Despite Mr. Simmons's representations, The Shipyard has not to date produced any documents in response to the subpoena.  Nor has The Shipyard responded to Defendants' Motion to Compel, despite being served with a copy of the Motion to Compel on March 26, 2021, and its time to respond to the Motion has now expired.

## II. PLAINTIFFS' MOTION TO SUPPLEMENT THE COMPLAINT

### A. Standards Governing Pleading Amendments

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If the Rule 16 standard is satisfied, the Court must also evaluate the party's request to amend the pleadings under Rule 15. Here, Plaintiffs seek leave to supplement their Complaint under Rule 15(d) to address alleged trademark infringement occurring and discovered in March 2021. Standards for granting or denying leave to supplement under Rule 15(d) are the same as those for granting or denying leave to amend under Rule 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *see also Mattox v. Edelman*, 851 F.3d 583, 592 n.6 (6th Cir. 2017).

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the

3

technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

**B.      Plaintiffs have shown good cause to extend the deadline for pleading amendments and to supplement their Complaint.**

Plaintiffs diligently sought leave to supplement their Complaint. Plaintiffs represent, and Defendants do not contest, that Plaintiffs learned of the grounds for their proposed Supplemental Complaint—Defendants' allegedly infringing THICK'R LAWN Google ad—on March 9, 2021. Plaintiffs moved for leave to supplement their Complaint only two weeks later on March 23, 2021. Plaintiffs therefore acted with no appreciable delay, undue or otherwise.

However, Defendants argue they will be unfairly prejudiced by a supplemental complaint now that the fact discovery deadline has passed. Defendants correctly point out that courts frequently find prejudice when pleading amendments are sought at the close of discovery. *See, e.g., Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary,* 349 F.3d at 907); *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 835 (6th Cir. 1999); *Moore v. City of Paducah,* 790 F.2d 557, 560 (6th Cir. 1986)). Indeed, this Court previously denied

4

Defendants' motion to assert a new counterclaim for declaratory judgment in part because the close of discovery was approaching. (ECF No. 36.) Yet that request for amendment was distinguishable because Defendants sought to add a counterclaim that could have been asserted at the outset of the case and failed to show good cause for the delay. (*See id.* at 5) (noting "Defendants' inability to set forth good cause is dispositive"). It would indeed be unfair to permit pleading amendments at this stage if the amendments could have been offered earlier. But the grounds for Plaintiffs' requested supplementation were only recently discovered, which means any prejudice from allowing additional discovery at this stage would not be undue.

Further, Defendants themselves have not yet finished with discovery. Defendants agreed to delay several of their depositions in light of Plaintiff's Motion to supplement the complaint, even though the fact discovery deadline has now passed. Further, Defendants are still awaiting discovery from at least one third party, as evidenced by their Motion to Compel. Thus, even if Plaintiffs' motion to supplement were denied, discovery would still continue for Defendants. These facts distinguish the present case from the authority Defendants cite in their motion. *See Marshall v. City of Columbus*, No. CIV.A. 2:05-CV-484, 2008 WL 4334616, at *2 (S.D. Ohio Sept. 17, 2008).

Defendants also argue that Plaintiffs' proposed new claims are non-overlapping with the existing issues in the case, such that no efficiency would be created by permitting supplementation over Plaintiffs' commencement of a separate action. Although Plaintiffs' proposed new claims will require additional avenues of discovery, they do partially overlap in that the THICK'R LAWN trade dress at issue in the original Complaint is closely related to the THICK'R LAWN trademark underlying Plaintiffs' proposed new claims, and Defendants' allegedly infringing product (LAWN BOOSTER) is identical across all of Plaintiffs' claims, old

5

and new.  It is commonsensical that some of the discovery already conducted in relation to Plaintiffs' THICK'R LAWN trade dress would be relevant to Plaintiff's THICK'R LAWN trademark infringement claims.  Judicial economy therefore favors that Plaintiffs' proposed new claims be joined in this action.  Accordingly, Plaintiffs have satisfied Rule 16(b)(4)'s good cause standard.

The Court now moves to the standards of Rules 15(a)(2) and 15(d), which direct the Court to "freely give leave when justice so requires."  For the reasons outlined above, related to Plaintiffs' diligence, the lack of undue prejudice to Defendants, and judicial economy, justice requires permitting Plaintiffs to supplement their Complaint.  Accordingly, Plaintiffs have also met the Rule 15 standard for pleading supplementation.

Finally, Defendants argue that Plaintiffs should be denied leave to supplement their Complaint because the new claims they seek to assert are futile.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the proposed pleading, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.  *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to supplement their Complaint with the understanding that the other parties are free to challenge the claims against them through a motion to dismiss.  *See Durthaler*,

2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."). Accordingly, Plaintiffs' Motion for Leave to Supplement their Complaint is **GRANTED**.

### III. DEFENDANTS' MOTION TO COMPEL THE SHIPYARD'S COMPLIANCE WITH SUBPOENA

#### A. Standards Governing Subpoenas

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). If the commanded person objects, "the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i).

Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *4 (S.D. Ohio April 17, 2015) (citing Fed. R. Civ. P. 45(d)(3)(A)(iii),(iv)). "In determining whether a subpoena imposes an undue burden, a court considers 'such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described

7

and the burden imposed.'" *Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *4 (N.D. Ohio Jan. 13, 2017) (quoting *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2016 WL 7467968 at *2 (S.D. Ohio Dec. 28, 2016) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, "[c]ourts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, No. 17-2256, 2018 WL 1959536, at *4 (6th Cir. Apr. 26, 2018) (citations and quotations omitted).

**B.     The Shipyard must comply with the subpoena.**

Defendants' Motion to Compel attaches the subpoena in question, which appears to have been properly served, and to which The Shipyard made no objection. Indeed, a representative of The Shipyard stated in a March 15, 2021 email that The Shipyard was "working on" production of responsive documents and "hope[d] to have materials to you by the end of the week." (ECF No. 66-3.) Having reviewed the document requests in the subpoena, the undersigned does not find them to be obviously overly broad or to create an undue burden on The Shipyard. In the absence of any objection to the subpoena or opposition to the Motion to Compel, Defendants' Motion to Compel Non-Party The Shipyard's compliance with Defendants' subpoena is **GRANTED**.

**IV.     DISPOSITION**

For the foregoing reasons, Plaintiffs' Motion for Leave to Supplement their Complaint (ECF No. 65) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiffs' Supplemental Complaint, attached to their Motion as Exhibit 1.

Additionally, for the foregoing reasons, Defendants' Motion to Compel Non-Party The Shipyard's compliance with Defendants' subpoena (ECF No. 66) is **GRANTED**. The Shipyard is **ORDERED** to produce non-privileged documents responsive to Defendants' Subpoena (ECF

No. 66-2) **WITHIN FOURTEEN DAYS** of the date of this Order.  The Clerk is **DIRECTED** to serve a copy of this Order on The Shipyard at the following address:

**The Shipyard, LLC**
c/o Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

**IT IS SO ORDERED.**

                                                      /s/ *Chelsey M. Vascura*
                                                      CHELSEY M. VASCURA
                                                      UNITED STATES MAGISTRATE JUDGE